RECEIVED

MAR 15 2018

BY MAIL

FILED

MAR 15 2018

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
_____ DIVISION

James Elston # 1277919 )
)
_____ )
)
_____ )
)
_____ )
(Enter above the full name of the )
Plaintiff in this action. Include prison )
registration number.) )
)
v. )
)
Carri Collins, Lisa Pogue, )
)
CO II Pollard, CO I Zukerint, )
)
Unknown Captain, Dr. Ruanne Stamps )
ps )
_____ )
)
_____ )
(Enter above the full name of **ALL** Defend- )
ant(s) in this action. Fed. R. Civ. P. 10(a) )
requires that the caption of the complaint )
include the names of **all** the parties. Merely )
listing one party and "et al." is insufficient. )
Please attach additional sheets if necessary. )

## 2:18CV00019 RLW

In what capacity are you suing the defendants?

☐ Official
☐ Individual
XX Both

### PRISONER CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983

I. PLACE OF PRESENT CONFINEMENT:

MOberly Correctional Center

II. PREVIOUS CIVIL ACTIONS:

A. Have you brought any other civil actions in state or federal court dealing with the same facts involved in this action or otherwise relating to your confinement?

YES [ ]         NO [x]

B. If your answer to "A" is YES, describe the action(s) in the space below. If there is more than one action, you must describe the additional action(s) on a separate piece of paper, using the same format as below.

1. Parties to previous civil action:

   Plaintiff: _____

   _____

   Defendant(s): _____

   _____

2. Court where filed: _____

3. Docket or case number: _____

4. Name of Judge: _____

5. Basic claim made: _____

   _____

   _____

6. Present disposition (Is the case still pending? Is it closed? If closed, was it appealed?):

   _____

III. GRIEVANCE PROCEDURES:

A. Is there a prisoner grievance procedure at the institution in which you are incarcerated?

   YES [xx]         NO [ ]

B. Have you presented this grievance system the facts which are at issue in this complaint?

   YES [xxx]         NO [ ]

-2-

C. If your answer to "B" is YES, what steps did you take: _____

Grievance appeal MCC-17-1033

Exhausted Grievance procedure related to these claims.

D. If your answer to "B" is NO, explain why you have not used the grievance system:

_____

_____

IV. PARTIES TO THIS ACTION:

A. Plaintiff

1. Name of Plaintiff: James Elston # 1277919

2. Plaintiff's address: P.O. Box 7, MOberly Mo 65270

3. Registration number: _____

B. Defendant(s)

1. Name of Defendant: Carri Collins

2. Defendant's address: 2729 Plaza Dr. P.O. BOx 236, Jefferson City, Mo 65102

3. Defendant's employer and job title: MDOC Director of Divi Human Services and ADA District Coodinator

4. Additional Defendant(s) and address(es): see next page

-3-

Asst. Deputy Warden MCC and ADA Site Coordiantor LIsa Pogue

CO II Pollard, MDOC at MCC

CO I Zukerina, MDOC at MCC

Unknown Captain, MDOC at MCC

Dr. Ruanne Stamps Medial Director at MCC, Corizon Correctional Healthcare Inc.
Address of the above P.O. Box 7, Moberly, Mo 65270

-5-

V. COUNSEL

    A. Do you have an attorney to represent you in this action?

        YES [ ]        NO [xx]

    B. If your answer to "A" is NO, have you made an effort to contact an attorney to represent you in this matter?

        YES [xx]        NO [ ]

    C. If your answer to "B" is YES, state the name(s) and address(es) of the attorneys you contacted and the results of those efforts:

    Attorneys will not respond or answer the phone

    D. If your answer to "B" is NO, explain why you have not made such efforts:

    Attorneys will not respond or answer phones from the

    Prison due to the unconstitutional restrictions

    of the PLRA Section 1997.

    E. Have you previously been represented by counsel in a civil action in this Court?

        YES [ ]        NO [xx]

    F. If your answer to "E" is YES, state the attorney's name and address:

PART VI CLAIMS

**CLAIM ONE:** In violation of the 8th and 14 th Amendments, Section 504 Rehabilitation Act, 42 U.S.C. § 12131 et seq. Title II of the ADA, and The Missouri Human Rights Act, Plaintiff is being starved. Plaintiff as a qualified person with a disability is being denied the necessary nutrition, in violation of doctors orders by the Dining facility custody staff, by official policy and custom as a Monell claim.

### STATEMENT OF SUPPORTING FACTS

I. Plaintiff's Disabilities

    A. Esophageal Restriction

Plaintiff has been disabled since the age of eighteen months old, due to an accidental ingestion of caustic chemicals. The result being massive damage to his mouth, throat, and esophageal trac. It further caused scaring on Plaintiff's chest and face.

Plaintiff, due to the restrictions of the esophagus, loss of teeth and scar tissue on the mouth requires a much longer time than abled bodied persons to massicate his food and be able to swallow. He is under a doctors care at MDOC with a doctor ordered layin( reasonable accomodation) to have thirty minutes to eat at each meal, as to not create a choke hazard and obtain necessary nutrition.

    B. Unconstitutional Acts of MDOC Agents

The agents of MDOC on the custody staff in the dining facility at MCC, NECC, and WMCC, have refused to honor the reasonable accommodation and allow Plaintiff to have the extra time to eat. Making him throw away his food, that cannot be eaten within fifteen or in many instances less minutes.

-6-

Upon being incarcerated at MDOC, plaintiff had a regularly maintrained weight of 170lbs on average. Since, incarceration, due to the lack of nutrition, Plaintiff is unable to maintain a normal body weight. He has been 140 lbs for a very long time. This is priam facia evidence he is being starved by the policy of MDOC and its agents.

The policies at the aforementioned MDOC facilities is not in congruence with ADA reasonable accommodations for disabled persons. At other MDOC facilities in order to meet the ADA requirements of disabled persons a special time is called for early eaters and slow walkers. This ensures that the disabled have their needs met. This is not a universal policy, and MDOC allows each facility to set its own policies.

MCC dining facility has no reasonable accommodations for the disbaled to include designated handicapped tables.

Plaintiff is forced to eat with the able bodied persons when the wing is called to the dining facility. The housing units are rotated along with the wings of each house. This means that when three house, C wing is called last or next to last, Plaintiff may only be allowed a few minutes before being told to leave. As the custody staff does not care if all inmates get to eat, as long as they meet their time frames to clear the facility. For instance, if the wing is called at 5:45 p.m. an dit takes five minutes to walk to the facility, then you must wait in line to be served for five minutes. The dining facility staff will make you leave at 6:00 p.m. meaning you have been given five minutes to eat. They do not care that Plaintiff has a reasonable accommodation order from a doctor, he will be made to throw away his food or be placed

in solitary confinement for being disabled.

MCC policy states that all inmates are to be given at least fifteen minutes to eat. This policy is only enforced if it doesn't interfere with the managers in custody's operational requirements.

### C. MDOC Agents with Liability

All agents to be sued in official and personal capacity. Carri Collins MDOC Director of Division of Human Services and ADA District Coordinator has liability in her management capacity for failure to ensure the employees of MDOC are trained to treat disabled persons constitutionally and follow the laws aforementioned. Assistant Deputy Warden Lisa Pogue site ADA Coordinator for MCC has liability for the exact same reason.

On 10/16/2017, 01/28/2018, 02/13/2018 CO II Pollard, CO I Zukerina and Unknown Captain, custody personaell who run the operation in the dining facility denied Plaintiff the right to eat even after he showed them his layin for reasonable accommodation and made him throw away his food. Plaintiff informed the CO's that he had grieved the issue to the Dean Minor the Warden at MCC who stated his layin would be honored in MCC-17-1033, now grieved to appeal deputy director in Jefferson City. The CO's did not care what the warden had said and refused to honor the layin.

Dr. Ruanne Stamps has liability for failure to ensure that Plaintiff receives proper nutrition. She is the treating physician.

VII. RELIEF

State briefly and exactly what you want the Court to do for you. Do not make legal arguments. (Note: If you are a **state** prisoner and you seek from this Court relief that affects the length or duration of your imprisonment, your case **must** be filed on a § 2254 form.)

Injunctive relief ordering MDOC to abide ADA law and ensure policy that is constitutional and any other relief this court deems appropriate.

VIII. MONEY DAMAGES:

A) Do you claim either actual or punitive monetary damages for the acts alleged in this complaint?

YES ☒    NO ☐

B) If your answer to "A" is YES, state below the amount claimed and the reason or reasons you believe you are entitled to recover such money damages:

$10 million in compensation for pain and suffering and mental anguish; $30 million in punitive damages

IX. Do you claim that the wrongs alleged in the complaint are continuing to occur at the present time?

YES [XX]    NO [ ]

X _____
Signature of attorney or pro se Plaintiff

3-12-18
Date