UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JAMES ELSTON, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:18-CV-19 RLW |
| CARRI COLLINS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $33.05, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff, an inmate at Moberly Correctional Center ("MCC"), brings this civil rights action under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), and the Missouri Human Rights Act ("MHRA"), alleging defendants violated his rights by failing to accommodate his disability and by inflicting cruel and unusual punishment upon him. Named as defendants are Carrie Collins (ADA District Coordinator, Missouri Department of Corrections ("MDOC")); Lisa Pogue (Assistant Deputy Warden, MCC and ADA Site Coordinator); Unknown Pollard (Correctional Officer II, MCC); Unknown Zukerini (Correctional Officer I, MCC); Unknown Captain (MCC); and Dr. Ruanne Stamps (Medical Director, MCC).

Plaintiff states the he has been disabled since he was eighteen months old due to the accidental ingestion of caustic chemicals. As a result, he has lifelong damage to his mouth, throat, and esophageal tract. Because of the restriction of plaintiff's esophagus, loss of teeth, and scar tissue on his mouth, plaintiff requires a much longer time than an able-bodied person to masticate his food. He has a doctor's order at MCC that states he should have thirty minutes to eat at each meal, otherwise he cannot obtain the necessary nutrition and is at risk of choking.

Plaintiff states the custody staff in the dining facility at MCC have refused to honor this doctor's order, and make him throw away any food that he cannot eat within fifteen minutes, or

less, on some occasions. Plaintiff states that he has lost thirty pounds since his incarceration. Specifically, plaintiff states that on October 16, 2017, January 28, 2018, and February 13, 2018, Correctional Officers Pollard and Zukerini and an unknown captain, denied plaintiff the right to eat, even after being shown his lay-in for reasonable accommodation.

For relief, plaintiff seeks an injunction ordering MDOC staff to abide by the ADA and $40 million in damages.

## Discussion

### *Eighth Amendment Allegations*

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quotations and citation omitted). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104-05. Plaintiff's claims of violations of the Eighth Amendment against defendants Unknown Pollard and Unknown Zukerini survive initial review. Plaintiff has alleged a serious medical need, namely that his restricted esophageal tract and scar tissue require him to have extra time to chew and swallow his food, otherwise he becomes malnourished and is at risk of choking. Plaintiff alleges these correctional officers are deliberately disregarding that serious medical need by not allowing plaintiff enough time to eat. The Court will issue process on defendants Pollard and Zukerini.

Because the Court finds the allegations against defendants Carri Collins, Lisa Pogue, and Dr. Ruanne Stamps sound in respondeat superior, the Court will not issue process on these defendants. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under §

1983 requires causal link to, and direct responsibility for, the alleged deprivation of rights); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

Finally, the Court will not order process to issue upon Unknown Captain, as he cannot be identified. If later discovery identifies this captain, plaintiff may seek leave of Court to amend his complaint and add this individual.

*ADA and RA Allegations*

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates in state prisons. *Randolph v. Rodgers*, 170 F.3d 850, 857 (8th Cir. 1999) (citing *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209–11 (1998)).

The RA is similar in substance to the ADA and "'cases interpreting either are applicable and interchangeable.'" *Arlt v. Mo. Dep't of Corr.*, 229 F. Supp. 2d 938 (8th Cir. 2002) (quoting *Gorman v. Bartch*, 152 F.3d 907, 912 (8th Cir. 1998)). Rulings under the ADA apply equally to claims under the RA, except that Eleventh Amendment immunity does not apply to plaintiff's RA claims. *Id.* For purposes of initial review, the Court will consider the plaintiff's ADA and RA claims together.

Here, plaintiff asserts that he has a disability that requires him to have thirty minutes at meal time to properly masticate his food and that he is being discriminated against by officers' refusal to allow him enough time to eat. Because plaintiff alleges that defendants' actions in

depriving him of a reasonable accommodation violates his Eighth and Fourteenth Amendment rights, plaintiff's ADA claims against the named defendants, in their official capacities, survive review under 28 U.S.C. § 1915(e). *United States v. Georgia*, 546 U.S. 151, 159 (2006) (noting that "Title II [of the ADA] creates a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment, [and thus,] Title II validly abrogates state sovereign immunity."); *Randolph v. Rogers*, 253 F.3d 342, 348 (8th Cir. 2001) (noting that Supreme Court precedent "permits an injunction against a state official in his official capacity to stop an ongoing violation of federal law.") (citing *Ex parte Young*, 209 U.S. 123, 159–60 (1908)). However, plaintiff's ADA claim against defendants in their individual capacities must be dismissed. *Randolph II*, 253 F.3d at 348 ("[T]he public-entity limitation [of Title II of the ADA] precludes ADA claims against state officials in their individual capacities.") (citing *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999)).

The Court will issue process on plaintiff's claims under the ADA and RA against defendants Unknown Pollard and Unknown Zukerini in their official capacities.

*MHRA Allegations*

Plaintiff also seeks to bring his action under the Missouri Human Rights Act for discriminatory practices in public accommodations. *See* Mo. Rev. Stat. § 213.065. As a jurisdictional prerequisite to bringing an action under the MHRA, however, plaintiff must "make, sign and file with the [Missouri] commission [on human rights] a verified complaint in writing, within one hundred eighty days of the alleged act of discrimination, which shall state the name and address of . . . the place of public accommodation alleged to have committed the unlawful discriminatory practice and which shall set forth the particulars thereof and such other information as may be required by the commission." Mo. Rev. Stat. § 213.075(1).

Because plaintiff has not timely filed a verified complaint with the Missouri human rights commission arising out of the alleged discriminatory practices at MCC, the Court will dismiss his MHRA claims. *See* Mo. Rev. Stat. § 213.075(1) ("The failure to timely file a complaint with the commission may be raised as a complete defense . . . at any time. . . .").

*Motion for Appointment of Counsel*

Finally, plaintiff has filed a motion for appointment of counsel. The motion will be denied without prejudice.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Id.*

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has presented non-frivolous allegations in his complaint. However, he has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $33.05 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name;

(2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to Unknown Pollard (Correctional Officer II, MCC) and Unknown Zukerini (Correctional Officer I, MCC) in their individual and official capacities.

**IT IS FURTHER ORDERED** that defendants Carri Collins, Lisa Pogue, Unknown Captain, and Dr. Ruanne Stamps are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e).

**IT IS FURTHER ORDERED** that plaintiff's claims brought under the Missouri Human Rights Act are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED without prejudice**. [ECF No. 8]

An order of partial dismissal will accompany this memorandum and order.

Dated this 19th day of July, 2018.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).